UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS and CHERYL STRANGE, Secretary of the Department of Corrections, in her official capacity,<br><br>*Defendants*. | No. C23-1553-JCC<br><br>[~~JOINT PROPOSED~~] PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Joint Proposed Protective Order (Dkt. No. 2-2). The parties—Plaintiff Disability Rights Washington ("DRW") and Defendants Washington State Department of Corrections ("Department") and Washington State Department of Corrections Secretary Cheryl Strange—move this Court to approve the protective order so that the parties shall preserve the confidentiality of certain documents, testimony, and information produced in this litigation.

The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

The parties' protective order is **GRANTED.**

C23-1553-JCC
[~~JOINT PROPOSED~~] PROTECTIVE ORDER - 1

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

**ACCORDINGLY, IT IS HEREBY ORDERED:**

**<u>PROTECTIVE ORDER</u>**

**A. SCOPE**

   1. This Order shall govern the designation, production, handling, and treatment, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents that contain information that could jeopardize the safety and security of Washington State prisons and which is obtained or observed as a result of, or in the course of, this litigation. The purpose of this order is to protect the safety and security of Washington State prisons and the individuals whose confidential security threat group, protective custody status, and other safety-related information is produced in litigation or may be used at trial.

   2. This order shall further govern the designation, production, handling, and treatment, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents which is confidential pursuant to chapter 70.02 RCW, chapter 72.09 RCW, RCW 42.56.230, RCW 42.56.420, 42 U.S.C. § 290dd-2; 42 C.F.R. Part 2, and other material protected by federal or state law, and which is obtained or observed as a result of or in the course of this litigation. The purpose of this order is to protect the privacy of the individuals whose healthcare, mental health, and/or chemical dependency information is sought in litigation or will be used in court proceedings.

   3. All security information and Protected Health Information produced in discovery of this litigation or in monitoring or enforcement of a consent decree arising from

C23-1553-JCC
[~~JOINT PROPOSED~~] PROTECTIVE ORDER - 2

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

this litigation shall be regarded as Confidential Information and subject to this Protective Order.

**B. DEFINITIONS**

4. "Confidential Information" shall refer to Protected Health Information and security information. Confidential Information does not refer to de-identified or aggregate information derived from Protected Health Information that cannot be identified with a specific individual(s).

5. "Documents" means all written, recorded or graphic material whatsoever, including, but not limited to, materials produced pursuant to Civil Rule 34, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any Court papers that quote from any of the foregoing.

6. "Protected Health Information" is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 160, *et seq.*, as "individually identifiable health information" that is recorded in any form or medium that "[r]elates to the past, present or future physical or mental health condition of the individual; the provision of health care to an individual." 45 C.F.R. 45 §160.103. HIPAA prohibits covered entities from disclosing Protected Health Information, except under certain limited circumstances. 45 C.F.R. § 164.502. The Defendants provide health care to people in the Department's prisons and are covered entities. Thus, the medical and mental health records of people incarcerated in the Department's prisons are considered Protected Health Information. Similarly, Washington's Healthcare Information Act, RCW 70.02, provides

C23-1553-JCC
[JOINT PROPOSED] PROTECTIVE ORDER - 3

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

that Health Care Information shall generally not be disclosed by a health care provider except for, among other things, with patient authorization or by court order and accompanying protective order. Under RCW 70.02.010(17), "Health Care Information" means "any information, whether oral or recorded in any form or medium, that identifies or can readily be associated with the identity of a patient and directly relates to the patient's health care, including a patient's deoxyribonucleic acid and identified sequence of chemical base pairs. The term includes any required accounting of disclosures of Health Care Information." For purposes of this protective order, the term "Protected Health Information" shall include healthcare information as defined and protected by chapter 70.02 RCW.

7. "Security information" shall mean all documents that would threaten the safety and security of a person or institution if disclosed without protective conditions. Such information includes, but is not limited to: information that could lead to the identification of a person's security threat group status, affiliation, or activities; information that reveals specific security threats associated with the operation and activities of security threat groups; information that identifies the number of security threat group members, affiliates, or associates in Department of Corrections facilities; information related to an individual's past or present protective custody status; information related to prison intelligence and investigations; information related to confidential informants; information related to "keep separate" orders or other safety restrictions on an individual's housing placement within the Department of Corrections; and any other information reasonably

C23-1553-JCC
[JOINT PROPOSED] PROTECTIVE ORDER - 4

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

believed to implicate safety and security concerns for the Department of Corrections or any individual.

    8.    "Litigation" shall mean this action, a settlement or injunction arising from this action, any appeals of this action, and any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation.

    9.    "Qualified Person" shall mean a person identified in Paragraph 15 to whom Confidential Information may be disclosed by the Parties.

## C. DESIGNATION AND USE

    10.    The volume of records in this matter precludes document-specific designation of Confidential Information. Plaintiff's counsel will identify and redact such information when documents are filed with the Court or will file documents containing such information under seal. If there are questions or disagreements, the parties will in good faith attempt to resolve these before seeking Court involvement.

    11.    Any Confidential Information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file Confidential Information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 5(g) shall be followed.

C23-1553-JCC
[~~JOINT PROPOSED~~] PROTECTIVE ORDER - 5

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

12. When the parties file pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents with the Court that refer to information covered by this Protective Order, the parties must ensure that the individuals' names and personally identifiable information (*e.g.,* name, date of birth, ID numbers, locations, case numbers) are not used and rather must replace each name with non-identifiable initials or other designation (*e.g.,* "A.B." or "Exemplar 1"). In the event a party files pleadings with the Court that refer specifically to a person whose Confidential Information is the subject matter of this Protective Order and whose identifying initials or letters have not yet been agreed to, that party must notify opposing counsel as to the identity and corresponding designation of the individual.

13. A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above-entitled action. Any confidential information used in any court proceeding shall not lose its confidential status through such use unless the Court orders otherwise.

## D. PROTECTION FROM FURTHER DISCLOSURE

14. All confidential records shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order.

15. Confidential Information shall be produced to all counsel of record for the parties, and their support staff, including paralegals, legal interns, and legal assistants.

16. Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

C23-1553-JCC
[JOINT PROPOSED] PROTECTIVE ORDER - 6

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

a. Counsel of record for the parties, and employees and agents of such counsel who are assisting such counsel in this litigation;

b. Independent outside experts or consultants engaged by counsel in this litigation, and such persons' employees and agents;

c. Any director, officer, or employee of a party who is requested by counsel for such party to work on this litigation;

d. Any deposition or trial witness;

e. Any person expressly named and agreed to in writing by Counsel for the parties;

f. The Court and court personnel;

g. Stenographic and videographic reporters engaged in such proceedings;

h. Any person who authored, received, or is entitled to receive under Defendant's policy and applicable state and federal law the particular confidential information sought to be disclosed; and

i. When a DRW constituent consents to the disclosure of their own Protected Health Information, Plaintiff's counsel may do so in accordance with that consent provided that the documents have been removed of all personally identifiable information of any other individual currently or formerly under department jurisdiction.

17. Except as authorized by this Order, Confidential Information respecting one individual currently or formerly in Department custody shall not be disclosed to or discussed with any other individual currently or formerly in Department custody except after order of the Court, consent of opposing counsel, or failure of opposing counsel to object in writing after ten days' notice of intent to make specific disclosure.

C23-1553-JCC
[JOINT PROPOSED] PROTECTIVE ORDER - 7

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

18. Confidential information shall not be disclosed to persons described in Paragraphs 14(b), (c), (d), or (e) unless or until such persons have been provided with a copy of this Protective Order and have agreed in writing to abide by and comply with the Order.

19. Except as authorized by this Protective Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information, except as permitted by this Order.

20. Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order. No information shall lose its confidential status because of its disclosure to a person not authorized to receive it under this Protective Order. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation,

C23-1553-JCC
[~~JOINT PROPOSED~~] PROTECTIVE ORDER - 8

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## E. PRODUCTION OF CONFIDENTIAL INFORMATION

21. Defendants shall provide Plaintiff's Counsel with Confidential Information as necessary for this litigation. Such access shall include log-in access to any electronic health record system implemented by Defendants. All such records shall be deemed confidential under this Order.

## F. STORAGE AND DESTRUCTION OF CONFIDENTIAL MATERIALS

22. Within thirty (30) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial, all confidential information, including copies, extracts, or summaries, shall be destroyed or retained in a secure place in a confidential manner consistent with the parties' respective internal procedures. As to those materials containing confidential information, but constituting or reflecting counsel's work product, all such work product and all copies shall either be destroyed or retained by counsel in a secure place, subject to this Protective Order.

## G. PRESERVATION OF RIGHTS AND PRIVILEGES

23. Nothing in this Order shall prevent the Parties or their employees or agents from having access to Confidential Information to which they have access in the normal course of their official duties. Nothing in this Order shall impact Plaintiff DRW's lawful rights, obligations, or authority, including but not limited to under 42 U.S.C. § 10801, *et seq.*, as amended; 42 U.S.C. § 15041, *et seq.*; and the regulations promulgated thereunder.

C23-1553-JCC
[JOINT PROPOSED] PROTECTIVE ORDER - 9

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729

Nothing in this order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and documents.

24. Nothing in this Protective Order waives any objection related to any material. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

25. The provisions of this order are without prejudice to the right of any party: a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; b) to apply to the Court for an order removing the Confidential Information designation from any document; c) to object to a discovery request; or d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

**H. BINDING EFFECT**

26. This Protective Order shall be binding on the parties, any third parties that agree to be bound by this Protective Order, attorneys of any party or third party to this Protective Order, and the parties', third parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

27. Upon conclusion of this litigation, the provisions of this Protective Order shall continue to be binding.

C23-1553-JCC
[JOINT PROPOSED] PROTECTIVE ORDER - 10

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

28. The provisions of this order shall remain in full force and effect until further order of this Court.

DATED this 17th day of October 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

Presented by:

 s/ Ethan Frenchman
Ethan D. Frenchman, WSBA #54255
Danny Waxwing, WSBA #54225
Heather McKimmie, WSBA #36730
Disability Rights Washington
315 5th Avenue S, Suite 850
Seattle, WA 98104
Tel: (206) 324-1521
Fax: (253) 627-0654
ethanf@dr-wa.org
dannyw@dr-wa.org
heatherm@dr-wa.org

*Attorneys for Plaintiff*

s/ Candie Dibble
Candie M. Dibble, WSBA #42279
Assistant Attorneys General
Corrections Division
P.O. Box 40116
Olympia, WA 98504-0116
Tel: (360) 586-1445
Candie.Dibble@atg.wa.gov

*Attorney for Defendants*

C23-1553-JCC
[~~JOINT PROPOSED~~] PROTECTIVE ORDER - 11