The Honorable JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DISABILITY RIGHTS WASHINGTON,

    *Plaintiff*,

v.

WASHINGTON STATE DEPARTMENT OF
CORRECTIONS and TIM LANG, Secretary of
the Department of Corrections, in his official
capacity,

    *Defendants*.

No. C23-1553-JCC

[~~JOINT PROPOSED~~] ORDER:

GRANTING JOINT MOTION TO APPROVE
AMENDED SETTLEMENT AND
ADMINISTRATIVELY CLOSE CASE

    BEFORE THE COURT is the Parties' Stipulation and Joint Motion to Approve Amended Settlement and Administratively Close Case. The Parties move this Court to (1) approve the Amended Settlement Agreement ("Agreement"), ECF No. 16, reached by the Parties; (2) issue a consent decree incorporating the Agreement into this Order; (3) award Plaintiff attorneys' fees and costs as provided in the Agreement; and (4) administratively close the case during the Monitoring Term of the Agreement, provided the Parties may move to reopen the case to seek the Court's assistance in enforcing the Agreement if necessary.

    With one (1) month remaining in the Monitoring Term, the Parties shall submit a Status Report to the Court. If both Parties agree at the time the Status Report is filed that the

[~~JOINT PROPOSED~~] ORDER GRANTING JOINT
MOTION TO APPROVE AMENDED
SETTLEMENT AND ADMINISTRATIVELY
CLOSE CASE - 1
Case No. C23-1553-JCC

Department has achieved Substantial Compliance with the Agreement, this Agreement shall automatically terminate, the Court's jurisdiction shall end, and the Court shall dismiss the case with prejudice.

If, at the time the Status Report is filed, the Parties agree the Department has not achieved Substantial Compliance, the Parties shall amend this Agreement to provide for continued monitoring only of those substantive provisions with which the Department has not achieved Material Compliance for at least two (2) consecutive reporting periods.

If the Parties are unable to reach agreement regarding the determination of Substantial Compliance at the time the Status Report is filed, the Parties will submit their respective Compliance Assessments, with any supplemental briefs or materials the Party deems necessary. The Court will have the authority to make the final determination as to whether Substantial Compliance has been met and may order any additional briefings or evidence as necessary. If the Court determines that the Department achieved Substantial Compliance, the Court shall terminate the Agreement, the Court's jurisdiction shall end, and the Court shall dismiss the case with prejudice. If the Court determines that the Department has not achieved Substantial Compliance, the Parties shall amend this Agreement to provide for continued monitoring only of those substantive provisions with which the Department has not achieved Material Compliance for at least two (2) consecutive reporting periods, and the Court may impose any other relief as it determines appropriate.

The Court has reviewed the record and files herein, the completed briefing, and information presented at the hearing, and is fully informed.

The Parties' stipulated joint motion is **GRANTED.**

**ACCORDINGLY, IT IS HEREBY ORDERED**:

[JOINT PROPOSED] ORDER GRANTING JOINT
MOTION TO APPROVE AMENDED
SETTLEMENT AND ADMINISTRATIVELY
CLOSE CASE - 2
Case No. C23-1553-JCC

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729

1. All Parties are to abide by the Settlement Agreement, ECF No. 17-1, which is incorporated into this Order. Plaintiff is awarded attorneys' fees and costs as agreed to in the Settlement Agreement, ECF No. 17-1.

   a. Defendants shall pay Plaintiff $300,000 annually for Plaintiff's attorneys' fees and costs while this Agreement remains in effect. If the Parties mutually agree that the Department is in Material Compliance with all the substantive terms of Section B and C in this Agreement, Plaintiff agrees to reduce the annual monitoring fee to $150,000 (one hundred and fifty thousand dollars and zero cents). As recognized by the Parties in the Settlement Agreement, the Monitoring Term may be shorter if Substantial Compliance is achieved at an earlier date. If the Agreement is successfully enforced or extended for any length, by mutual agreement of the Parties or after a determination of lack of compliance, the Parties or the Court will determine the appropriateness of future fees and expenses. For periods of time where this Agreement is not in effect for an entire year, the Parties agree that the amount for that year will be prorated based on the number of months during the year that this Agreement was in effect. For periods of time where Plaintiffs have reduced the annual monitoring fee due to Defendants' Material Compliance with Sections III.B and III.C, the Parties agree that the amount for that year will be prorated based on the portion of the year during which each applicable fee rate was in effect.

   b. For purposes of calculating the annual payment, each one-year period will be measured from October 17, 2023, the date the Court entered the Consent Decree incorporating the original Settlement Agreement. Defendant shall pay Plaintiff's counsel on that date each year.

[JOINT PROPOSED] ORDER GRANTING JOINT
MOTION TO APPROVE AMENDED
SETTLEMENT AND ADMINISTRATIVELY
CLOSE CASE - 3
Case No. C23-1553-JCC

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729

2.  The Court will retain jurisdiction over the case. With one (1) month remaining in the Monitoring Term, the Parties shall submit a Status Report to the Court. If both Parties agree at the time the Status Report is filed that the Department has achieved Substantial Compliance with the Agreement, this Agreement shall automatically terminate, the Court's jurisdiction shall end, and the Court shall dismiss the case with prejudice.

3.  If, at the time the Status Report is filed, the Parties agree the Department has not achieved Substantial Compliance, the Parties shall amend this Agreement to provide for continued monitoring only of those substantive provisions with which the Department has not achieved Material Compliance for at least two (2) consecutive reporting periods.

4.  If the Parties are unable to reach agreement regarding the determination of Substantial Compliance at the time the Status Report is filed, the Parties will submit their respective Compliance Assessments, with any supplemental briefs or materials the Party deems necessary. The Court will have the authority to make the final determination as to whether Substantial Compliance has been met and may order any additional briefings or evidence as necessary. If the Court determines that the Department achieved Substantial Compliance, the Court shall terminate the Agreement, the Court's jurisdiction shall end, and the Court shall dismiss the case with prejudice. If the Court determines that the Department has not achieved Substantial Compliance, the Parties shall amend this Agreement to provide for continued monitoring only of those substantive provisions with which the Department has not achieved Material Compliance for at least two (2) consecutive reporting periods, and the Court may impose any other relief as it determines appropriate.

[JOINT PROPOSED] ORDER GRANTING JOINT
MOTION TO APPROVE AMENDED
SETTLEMENT AND ADMINISTRATIVELY
CLOSE CASE - 4
Case No. C23-1553-JCC

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729

5. The file in this matter shall be administratively closed during the period of compliance and monitoring and shall be reopened by motion of Plaintiff's or Defendants' counsel.

6. The District Court Executive is directed to enter this Order, furnish copies to counsel, enter judgment as directed, and **close the file**.

Dated this 2nd day of April 2026.

_____
JOHN C. COUGHENOUR
United States District Judge

[JOINT PROPOSED] ORDER GRANTING JOINT
MOTION TO APPROVE AMENDED
SETTLEMENT AND ADMINISTRATIVELY
CLOSE CASE - 5
Case No. C23-1553-JCC

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729

Presented by:

**DISABILITY RIGHTS WASHINGTON**

Danny Waxwing, WSBA #54225
Rachael Seevers, WSBA #45846
Disability Rights Washington
315 5th Avenue S, Suite 850
Seattle, WA 98104
Tel: (206) 324-1521
Fax: (253) 627-0654
dannyw@dr-wa.org
rachaels@dr-wa.org

*Attorneys for Plaintiff*

**OFFICE OF THE ATTORNEY GENERAL**

*/s/ Katherine Faber*
Katherine J. Faber, WSBA #49726
Assistant Attorney General
Corrections Division
P.O. Box 40116
Olympia, WA  98504-0116
Tel: (360) 586-1445
katie.faber@atg.wa.gov

*Attorney for Defendants*

[JOINT PROPOSED] ORDER GRANTING JOINT
MOTION TO APPROVE AMENDED
SETTLEMENT AND ADMINISTRATIVELY
CLOSE CASE - 6
Case No. C23-1553-JCC

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729